**UNITED STATES DISTRICT COURT**

**FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

**DURHAM**

| | |
|---|---|
| ABDULRAHMAN RAGEH,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>UNIVERSITY OF NORTH CAROLINA at CHAPEL HILL, JAN NIKLAS ULRICH, ALICE ZHANG, and DONALD BUDENZ in their official capacities,<br><br>　　　　　　　Defendants. | Case No. 1:24-cv-336<br><br>**PLAINTIFF'S ANSWER TO DEFENDANT DR. YANG "ALICE" ZHANG'S COUNTERCLAIMS** |

The Plaintiff, Dr. Abdulrahman Rageh ("Dr. Rageh" or "Plaintiff"), by and through counsel undersigned, responds to the counterclaims of Defendant Dr. Yan "Alice" Zhang's ("Dr. Zhang") as follows:

## COUNTERCLAIMS OF DR. YANG "ALICE" ZHANG

1.　Yang "Alice" Zhang ("Dr. Zhang") is an Associate Professor of Ophthalmology and the Residency Program Director in the University of North Carolina at Chapel Hill's Department of Ophthalmology ("UNC Ophthalmology").

**ANSWER**: Admitted

2.　In August of 2022, Abdulrahman Rageh ("Dr. Rageh") began a fellowship with the Vitreoretinal Fellowship Program at UNC Ophthalmology.

**ANSWER**: Admitted

3.　Dr. Zhang worked directly with Dr. Rageh, as one of his supervising Ophthalmologists, during Dr. Rageh's fellowship with UNC Ophthalmology.

**ANSWER**: Admitted

1

4. Shortly after Dr. Rageh started his fellowship, Dr. Zhang raised legitimate and serious concerns about Dr. Rageh's skillset and patient safety.

**ANSWER**: The Plaintiff lacks sufficient information and knowledge to form a belief as to the truth of the allegations in this Paragraph, and on that basis, they are denied.

5. Dr. Rageh resigned his fellowship on or about March 20, 2023 ("Date of Termination"), though multiple conversations and/or meetings occurred prior to the Date of Termination to discuss supervising physicians' concerns about Dr. Rageh's deficient skillset and failure to improve despite multiple opportunities to do so.

**ANSWER**: Dr. Rageh was constructively discharged on or about March 20, 2023 ("Date of Termination"). The Plaintiff lacks sufficient information and knowledge to form a belief as to the truth of the remaining allegations in this Paragraph, and on that basis, they are denied.

6. On multiple occasions since March 1, 2023, Dr. Rageh has harassed Dr. Zhang with electronic mail messages, which serve no legal purpose and are intended only to terrorize Dr. Zhang.

**ANSWER**: Denied.

7. On or about March 2, 2023, Dr. Rageh emailed numerous individuals affiliated with UNC Ophthalmology, to include Dr. Zhang, to report that he felt "threatened" and otherwise appearing to be upset that he had lost access to his email prior to the Date of Termination ("March 2, 2023 Email").

**ANSWER**: It is admitted that the Plaintiff sent an email to numerous individuals on March 2, 2023. The list of recipients on the email included the Equal Employment Opportunity Commission ("EEOC"), the American Academy of Orthopaedic Surgeons ethics board, several individuals who are affiliated with UNC, and others. Except as admitted, this paragraph is denied.

2

8.	The March 2, 2023 Email led to a Security Alert Communication being issued by UNC Hospitals and Police Department concerning Dr. Rageh.

**ANSWER**: The Plaintiff lacks sufficient information and knowledge to form a belief as to the truth of the allegations in this Paragraph, and on that basis, they are denied.

9.	On or about March 21, 2023, the day after his termination was effective, Dr. Rageh sent a threatening email to Dr. J. Niklas Ulrich, MD, Director of UNC Surgical Vitreoretinal Fellowship Program, on which Dr. Zhang was carbon copied ("March 21, 2023 Email"). The March 21, 2023 Email contained multiple threats made by Dr. Rageh, to include: "I wish you see such damage in your beloved ones!"; "I hope your family suffers the same way my family did!", and "I wish the worst things ever to happen to you and your criminal teammate!" This "criminal teammate" referenced Dr. Zhang.

**ANSWER**: It is admitted that the Plaintiff sent an email on March 21, 2023. The Plaintiff expressly denies threatening Dr. Niklas Ulrich or Dr. Zhang in his March 21, 2023 email or at any time. Except as admitted, this Paragraph is denied.

10.	Fearing for her safety following her receipt of the March 21, 2023 Email, Dr. Zhang reached out to the University about providing an escort to/from the building.

**ANSWER**: The Plaintiff lacks sufficient information and knowledge to form a belief as to the truth of the allegations in this Paragraph, and on that basis, they are denied.

11.	The March 21, 2023 Email led to a second to a Security Alert Communication being issued by UNC Hospitals and Police Department concerning Dr. Rageh.

**ANSWER**: The Plaintiff lacks sufficient information and knowledge to form a belief as to the truth of the allegations in this Paragraph, and on that basis, they are denied

3

12. Dr. Rageh sent additional emails to UNC Ophthalmology staff, to include Dr. Zhang, between June 9, 2023, and August 28, 2023, several of which referenced Dr. Zhang by name, and many of which contain threats.

**ANSWER**: It is admitted that following his constructive discharge Dr. Rageh sent emails to UNC Ophthalmology staff and other university officials between June 9, 2023 and August 28, 2023, regarding his claims and licensing matters. The Plaintiff expressly denies threatening to harm Dr. Zhang or anyone else in his emails. Except as admitted, this Paragraph is denied.

13. On or about July 2, 2023, Dr. Rageh sent an email which reads in part, "My frequent emails and warnings are very very serious and I have nothing to lose after UNC destroyed my dream and caused me serious mental, social, and career problems! I am unable to sleep or think! I am still getting nightmares! I can not recover from the anxiety or the depression. I am losing control over myself! I will take my own revenge if nobody cares! Nobody can blame me then! I have nothing more to lose and I do not care much about my future anymore!" and "I swear on my life, I will get my revenge ASAP!"

**ANSWER**: It is admitted these statements are included in Dr. Rageh's July 2, 2023 email regarding his wrongful termination. The statements, as presented in Dr. Zhang's counterclaims, are taken out of context. Except as admitted, this Paragraph is denied.

14. On or about August 28, 2023, Dr. Rageh once again emailed UNC Ophthalmology staff, to include Dr. Zhang, this time, providing a screenshot of a headline from the Associated Press, titled, "Faculty member fatally shot in University of North Carolina building," without any other context in that email.

**ANSWER**: It is admitted that on August 28, 2023, Dr. Rageh forwarded a screenshot of an Associated Press article, titled, "Faculty member fatally shot in University of North Carolina

4

building" to many individuals, including Harvard, Duke, and UNC staff, the American Academy of Orthopaedic Surgeons, the EEOC, his former legal counsel, and others. Except as admitted, this Paragraph is denied.

15. These aforementioned emails from Dr. Rageh, led to the third and fourth Security Alert Communications being issued by UNC Hospitals and Police Department concerning Dr. Rageh.

**ANSWER**: The Plaintiff lacks sufficient information and knowledge to form a belief as to the truth of the allegations in this Paragraph, and on that basis, they are denied.

16. Dr. Rageh's email communications caused Dr. Zhang severe mental suffering and distress, to include loss of productivity, difficulty sleeping, inability to concentrate, difficulty managing anxiety, and intense fear of being injured and/or killed at her place of employment, and justifiably and reasonably caused Dr. Zhang to seek professional counseling, which is ongoing to the present date.

**ANSWER**: Denied

17. In addition to the severe emotional distress experienced by Dr. Zhang personally as described herein, Dr. Zhang has incurred loss of work income due to requiring significant amount of time off of work due to Dr. Rageh's conduct. Moreover, Dr. Zhang is also a researcher, teacher/mentor to medical students and residents, and a leader in education in her department. Any speaking engagements or attendance at conferences requires additional safety measures concerning the possible attendance of Dr. Rageh.

**ANSWER**: Denied.

18. Because Dr. Rageh's conduct placed Dr. Zhang in reasonable fear for her own safety, the safety of her immediate family, and the safety of her close personal associates at UNC

5

Ophthalmology, Dr. Zhang sought and obtained a No-Contact Order for Stalking in the District Court of Orange County, North Carolina against Dr. Rageh, Orange County file number 23CV001049-670 ("No-Contact Order").

**ANSWER**: Dr. Rageh admits that Dr. Zhang sought and obtained a No-Contact Order in the District Court of Orange County, North Carolina file number 23CV001049-670. Except as admitted, this Paragraph is denied.

19. Per the No-Contact Order, entered on November 6, 2023, the Court ordered, in relevant part, that Dr. Rageh shall cease stalking and harassing Dr. Zhang, that Dr. Rageh "not contact the plaintiff by telephone, written communication, or electronic means."

**ANSWER**: Dr. Rageh expressly denies stalking or harassing Dr. Zhang. It is admitted that a no-contact order was entered on November 6, 2023. Except as admitted, this Paragraph is denied.

20. Despite the No-Contact Order and in direct violation of the No-Contact Order, on March 4, 2024, Dr. Rageh sent an email to Joan W. Miller, MD, and knowingly carbon-copied Dr. Zhang and numerous other individuals affiliated with UNC Ophthalmology and Harvard. This email references Dr. Zhang by name numerous times throughout and in it, Dr. Rageh threatens, "I will never give up despite the risk I'm taking."

**ANSWER**: It is admitted that on March 4, 2024, Dr. Rageh sent an email to many individuals detailing his experience with discrimination and retaliation during his fellowship. He expressly denies threatening Dr. Zhang or anyone else. Except as admitted, this Paragraph is denied.

21. On June 6, 2024, Dr. Zhang filed a Motion and Order to Show Cause for Dr. Rageh's failure to comply with the No-Contact Order ("Motion to Show Cause") in 23CV001049-670.

**ANSWER**: It is admitted that Dr. Zhang filed a Motion and Order to Show Cause on June 6, 2024. Except as admitted, this Paragraph is denied.

22. On October 8, 2024, in the Court's Contempt Order ("Contempt Order"), the Court found that Dr. Rageh willfully failed to comply with the No-Contact Order and was therefore in criminal contempt (Orange County file number 24CR005849-670).

**ANSWER**: Dr. Rageh admits that a contempt order was issued on October 8, 2024. He denies that he willfully failed to comply with the no-contact order.

23. On October 9, 2024, Dr. Rageh, by and through counsel, filed a notice of appeal to Superior Court in 24CR005849-670.

**ANSWER**: Admitted.

24. Dr. Rageh's appeal remains pending before the Superior Court.

**ANSWER**: Admitted.

### FIRST CAUSE OF ACTION
### (Intentional or Reckless Infliction of Severe Emotional Distress)

25. The foregoing paragraphs are incorporated by reference and realleged as if set forth fully herein.

**ANSWER**: The foregoing paragraphs are realleged and incorporated as if fully set forth herein.

26. Dr. Rageh's conduct towards Dr. Zhang as described herein was extreme and outrageous and exceeded all bounds usually tolerated by decent society.

**ANSWER**: Denied.

27. Dr. Rageh intended to cause and/or was recklessly indifferent to the likelihood that his conduct would cause Dr. Zhang severe emotional distress.

**ANSWER**: Denied.

7

28. Dr. Rageh's conduct did in fact cause severe emotional distress to Dr. Zhang.

**ANSWER**: Denied

29.     As a direct and proximate consequence of Dr. Rageh's conduct, Dr. Zhang has suffered compensatory damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00).

**ANSWER**: Denied.

30.     Dr. Zhang is entitled to have and recover of Dr. Rageh in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00).

**ANSWER**: Denied

31.     Dr. Rageh's conduct toward Dr. Zhang was outrageous, willful and wanton and egregious and should result in an award of punitive damages against Dr. Rageh in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00).

**ANSWER**: Denied.

**FIRST ALTERNATIVE CAUSE OF ACTION**
**(Negligent Infliction of Severe Emotional Distress)**

32.     The foregoing paragraphs are incorporated by reference and realleged as if set forth fully herein.

**ANSWER**: The foregoing paragraphs are realleged and incorporated as if fully set forth herein.

33.     Dr. Rageh negligently engaged in the conduct towards Dr. Zhang as described herein.

**ANSWER**: Denied.

34.     It was reasonably foreseeable that Dr. Rageh's conduct towards Dr. Zhang would cause Dr. Zhang severe emotional distress.

8

**ANSWER**: Denied.

35.     Dr. Rageh's conduct did in fact cause severe emotional distress to Dr. Zhang.

**ANSWER**: Denied.

36.     As a direct and proximate consequence of Dr. Rageh's conduct, Dr. Zhang has suffered compensatory damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00).

**ANSWER**: Denied.

37.     Dr. Zhang is entitled to have and recover of Dr. Rageh in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00).

**ANSWER**: Denied.

38.     Dr. Rageh's conduct toward Dr. Zhang was outrageous, willful and wanton and egregious and should result in an award of punitive damages against Dr. Rageh in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00).

**ANSWER**: Denied.

## <u>GENERAL DENIAL</u>

Every allegation contained in Dr. Zhang's counterclaim, including her Prayer for Relief, not specifically admitted herein, is denied.

## <u>SECOND DEFENSE</u>

Dr. Rageh's emails were not outrageous or extreme, nor did he threaten to injure, kill, or in any way harm Dr. Zhang.

## <u>THIRD DEFENSE</u>

Dr. Zhang is not entitled to recover any damages from Dr. Rageh.

## <u>FOURTH DEFENSE</u>

9

The Plaintiff asserts mitigation of damages as a defense to all applicable claims for damages asserted by Dr. Zhang.

## FIFTH DEFENSE

The Plaintiff reserves the right to amend his Answer at a later time if additional defenses are determined to exist through discovery and are appropriate based on information then available.

## SIXTH DEFENSE

The Plaintiff does not waive and expressly reserves any and all defenses that may be presently available to him, or that later may become apparent, and further reserves the right to supplement and amend his defenses and answer to assert additional defenses that may later become known to him, including during discovery.

## SEVENTH DEFENSE

The Plaintiff denies it is required to respond to Dr. Zhang's allegations in her counterclaim to the extent those allegations constitute legal conclusions.

## EIGHTH DEFENSE

Dr. Zhang's counterclaims fails to state claims upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

## PRAYER FOR RELIEF

WHEREFORE Plaintiff respectfully prays this Court:

(a) Dismiss Dr. Zhang's counterclaims;

(b) Or, alternatively, award judgment in favor of Plaintiff;

(c) For a trial by jury of all issues of fact regarding claims so triable;

(d) Tax all costs and attorneys' fees against Dr. Zhang; and

(e) For such other and further relief as this Court deems appropriate and just.

10

Respectfully submitted this 28th day of January 2025.

By:  /s/ Kirton Madison
Kirton M. Madison
North Carolina State Bar No. 43029
MADISON LAW, PLLC
8936 Northpointe Executive Park Drive
Suite 240-260
Huntersville, NC 28078
Telephone: (704) 981-2790
Facsimile: (704) 930-0648
kmadison@madlawpllc.com
*Attorney for Plaintiff*

11

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing document with the Clerk of Court using the CM/ECF System, which will send notification of the filing to all counsel of record.

On this 28th day of January 2025.

By: /s/ Kirton Madison
Kirton M. Madison
North Carolina State Bar No. 43029
MADISON LAW, PLLC
8936 Northpointe Executive Park Drive
Suite 240-260
Huntersville, NC 28078
Telephone: (704) 981-2790
Facsimile: (704) 930-0648
kmadison@madlawpllc.com
*Attorney for Plaintiff*