IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM
Civil No. 1:24-CV-336

| | |
|---|---|
| Abdulrahman Rageh,<br><br>    Plaintiff,<br><br>    v.<br><br>University of North Carolina at Chapel Hill, Jan Niklas Ulrich, Alice Zhang, and Donald Budenz in their official capacities,<br><br>    Defendants. | **MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 56(h)** |

Pursuant to Federal Rules of Civil Procedure 56(h) and the Court's inherent powers, Plaintiff, Abdulrahman Rageh ("Dr. Rageh" or "Plaintiff") states the following in support of his Motion for Sanctions regarding the submission of false or misleading statements and affidavits by Attorney for Defendants, Lindsay Smith.

## INTRODUCTION

In support of Defendants' Motion for Summary Judgment (D.E. 68), their counsel, Lindsay Smith ("Smith"), signed and filed an affidavit containing false and misleading statements that Defendants used to allege material facts in their defense against Plaintiff's claims. Specifically, Smith alleges that Plaintiff "never served (Defendants) with responses to Defendants' Requests for Admission" at any time before September 12, 2025. (D.E. 68-7 ¶¶ 10, 11). The documents Defendants produced in support of their Motion for Summary Judgment, however, show that

Plaintiff responded to Defendants' Requests for Admission on June 24, 2025, via email, along with Plaintiff's written discovery responses and other documents produced in response to Defendants' discovery requests. *Id.* at 16.

## BACKGROUND

On April 24, 2025, Smith served by email a copy of Defendants' First Set of Interrogatories, First Requests for Production of Documents, and First Requests for Admissions to Plaintiff's counsel, who acknowledged receipt on May 1st. (D.E. 68-7 at 2, ¶4). On May 20, 2025, at Plaintiff's counsel's request, Counsel for Defendants granted a 30-day extension of time to respond to Defendants' discovery requests. (*Id.* ¶5).

On June 24, 2025, Plaintiff's counsel sent an email to Defendants' counsel attaching responses to Defendants' First Set of Requests for Production, Defendants' First Set of Interrogatories, *Defendants' Requests for Admission*, and other requested documents. (*Id.* at 16 and 17). Plaintiff's response to Defendants' Requests for Admission is shown as the seventh attachment on the page. (*Id.* at 16). On June 25, 2025, Smith confirmed, "I was able to download the *written discovery responses*, but did not have access to any of the links to the documents provided. Can you please re-send the links, with appropriate access, or send the documents another way?" (*Id.* at 18) (emphasis added).[1]

On June 26, 2025, Plaintiff's counsel sent a link to Smith and other counsel for Defendants that provided access to the requested documents *except* for Plaintiff's

---

[1] The Plaintiff's discovery responses and other documents were included as attachments to the June 24, 2025, email. A screenshot of the attachments is provided as Exhibit 1.

written discovery responses. (*Id.* at 20) Smith confirmed that she was able to access the files. (*Id.*).

On September 12, 2025, counsel for Defendants, Zachary Padget ("Padget"), alleged that Plaintiff's counsel never sent Plaintiff's responses to Defendants' Requests for Admission and that the requests were deemed admitted pursuant to Rule 36(a)(3). (*Id.* at 25). Plaintiff's counsel and Padget continued to correspond via email regarding Defendants' receipt of Plaintiff's response to Defendants' Requests for Admission. (Exhibit 2). Plaintiff's counsel showed the June 24th email indicating that Plaintiff responded to Defendants' Requests for Admission on June 24th, and Padget alleged, for the first time, that Defendants could not access the document. (*Id.* at 4 – 10).

On March 13, 2026, Defendants filed a Memorandum of Law in Support of their Motion for Summary Judgment. (D.E. 69). Smith filed an affidavit, contemporaneously, with Defendants' Motion and Memorandum of Law. (D.E. 68-7). As stated above, Smith's affidavit alleges that Plaintiff "never served (Defendants) with responses to Defendants' Requests for Admission" at any time before September 12, 2025. (D.E. 68-7 ¶¶ 10, 11). Smith's affidavit omits important facts regarding Plaintiff's response to Defendants' Requests for Admission and the history of counsel's interactions. Defendants' memorandum includes the alleged unanswered questions to Defendant's Requests for Admission as material evidence in support of their motion for summary judgment. (D.E. 69 at 4 ¶2, 5 ¶1, and 21, ¶2).

On March 17, 2026, Plaintiff's counsel sent a letter to counsel for Defendants

regarding their misrepresentations to the Court. (Exhibit 3). Among other things, the letter reiterates that Plaintiff's response to Defendants' Requests for Admission was sent on June 24, 2025, and addresses this omission by Defendants to the Court. The letter requests that Defendants withdraw Smith's affidavit and any assertion that Plaintiff failed to respond to Defendants' Requests for Admission timely, or Plaintiff would seek sanctions. On March 18, 2026, Smith replied, "We do not belie(ve) the affidavit or its attached exhibits misrepresent or mischaracterize the communications regarding Plaintiff's discovery responses. Accordingly, we do not inten(d) to withdraw the affidavit." (Exhibit 4). Plaintiff's counsel has filed this motion as a result.

## QUESTION PRESENTED

Did Defendants submit an affidavit in bad faith to support their motion for summary judgment?

## STANDARD OF REVIEW

### I. The Court Has Authority to Impose Sanctions Under Rule 56(h) or the Court's Inherent Power

Fed. R. Civ. P. 56(h) permits district courts to sanction a party or an attorney if an affidavit or declaration filed in connection with a motion for summary judgment "is submitted in bad faith or solely for delay." Courts have found sanctions appropriate "where affidavits contained perjurious or blatantly false allegations or omitted facts concerning issues central to the resolution of the case." *Sten v. Regency Towers, LLC*, 886 F. Supp. 2d 317, 327 (S.D.N.Y. 2012) (internal quotation marks and citation omitted). "Sanctions against an 'opposing party should be proportionate

to the burden imposed on that party in having to respond to and defend against the bad faith submission.'" *Blakenship v. Clarke,* No. 7:23CV00183, 2025 U.S. Dist. LEXIS 18749, at *15-16 (W.D. Va. Feb. 3, 2025) (citing *Satterfield v. City of Chesapeake*, No. 2:16-CV-665, 2019 U.S. Dist. LEXIS 185353, 2019 WL 5280969, at *9 (E.D. Va. Jan. 16, 2019).

## II.    Evidence of Bad Faith

"An affidavit is presented in 'bad faith' when it knowingly contains perjurious or intentionally false assertions or knowingly seeks to mislead by omitting facts central to a pending issue." *Bowers v. Rector & Visitors of the Univ. of Va.*, No. 3:06cv00041, 2007 U.S. Dist. LEXIS 75064, at *10-11 (W.D. Va. Oct. 9, 2007) (quoting *Scott v. Metro. Health Corp.*, 234 Fed. Appx. 341, 2007 U.S. App. LEXIS 8103, 2007 WL1028853 *26 (6th Cir. 2007); *Jaisan, Inc. v. Sullivan*, 178 F.R.D. 415-416 (SDNY, 1998)). As evidenced above, Defendants' counsel submitted an affidavit that misrepresents the record of evidence and omits facts central to pending issues.

### Defendants' Use of Their Requests for Admission to Support Their Motion for Summary Judgment

Defendants' Motion for Summary Judgment relies heavily on the alleged admissions in Defendants' Requests for Admission (D.E. 68-7 at 7 – 10). In defense of Dr. Rageh's federal claims, Defendants use the Requests for Admission to support their allegation that Plaintiff's job performance was unsatisfactory. (D.E. 69 at 14, ¶1). Satisfactory job performance is an essential element in a prima facie discrimination case under both Title VII and the Age Discrimination in Employment Act. (D.E. 69 at 12, ¶1). Defendants also use the Requests for Admission to allege that

Dr. Rageh supervised residents, thereby invalidating his use of them as comparators. (*Id.* at 13, ¶2).

In defense of Dr. Rageh's state claims, Defendants use the Requests for Admission to defend against defamation by alleging that he was relieved of seeing patients without supervision due to patient safety concerns. (*Id.* at 21, ¶2). Defendants use these same allegations in defense of Dr. Rageh's Tortious Interference with Contract claim. (*Id.* at 25, ¶2).

Smith's affidavit falsely alleges that Plaintiff never served responses to Defendants' Requests for Admission at any time before September 12, 2025. (D.E. 68-7 at 3, ¶¶ 10, 11). The record shows, however, that Plaintiff responded on April 24, 2025. Even if, as Defendants allege, they could not access the file, the date they received Plaintiff's response is relevant information that Smith withheld from the Court despite receiving subsequent notice from Plaintiff's counsel. (*See Rogers v. AC Humko Corp.*, 56 F.Supp.2d 972 (W.D. Tenn. 1999), where the district court imposed sanctions against a defendant who procured an affidavit from the plaintiff's supervisor that falsely claimed the supervisor had not known that the plaintiff applied for short-term disability before firing the plaintiff. The court noted that "[a]t best, the affidavit contained a highly reckless representation of an important fact by Defendant's agent, which representation Defendant never sought to expunge from the record, despite subsequent notice as to its falsity. At worst, it was a deliberate and calculated misrepresentation abetted by counsel and designed to thwart justice and prevent a fair resolution of this case."). (*See also Acrotube, Inc. v. J.K. Fin. Group,*

*Inc.*, 653 F.Supp. 470 (N.D.Ga. 1987) where the district court granted sanctions where the testimony offered by a litigant was "flatly at odds with facts indisputably within his knowledge.").

### III.  Appropriate Sanctions

Fed. R. Civ. P 56(h) provides that, "If satisfied that an affidavit or declaration under this rule is submitted in bad faith or solely for delay, the court – after notice and a reasonable time to respond – may order the submitting party to pay the other party the reasonable expenses, including attorney's fees, it incurred as a result. An offending party or attorney may also be held in contempt or subjected to other appropriate sanctions." Smith's conduct was willful, and she refused to correct the false or misleading statements or omissions after the potential rule violation was called to her attention. The false or misleading representation or omission has consumed considerable time in challenging her statements. Smith is trained in the law and has been licensed for over 11 years. The need for sanctions is evidenced by Smith's refusal to acknowledge her wrongdoing.

### CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests the Court enter an order (1) specifically finding that Smtih knowingly and in bad faith filed a false and misleading affidavit; (2) specifically finding that Smith knowingly and in bad faith filed false and misleading statements; (3) direct Defendant to pay all or part of the reasonable attorney's fees and other expenses directly resulting from Smith's violation; and (4) imposing other sanctions as the Court deems appropriate.

Respectfully submitted this 1st day of May, 2026.

s/ *Kirton M. Madison*  
Kirton M. Madison  
North Carolina State Bar No.43029  
MADISON LAW, PLLC  
8936 Northpointe Executive Park Drive  
Suite 240-260  
Huntersville, NC  28078  
Telephone: (704) 981-2790  
kmadison@madlawpllc.com  
ATTORNEY FOR PLAINTIFF

/s/ *Potso Byndon*  
Potso Mahlangeni-Byndon  
North Carolina State Bar No. 43031  
BYNDON LAW  
2016 Fowler Avenue  
Omaha, NE 68110  
Telephone: (402) 570-1287  
potso@byndonlaw.com  
ATTORNEY FOR PLAINTIFF

<u>CERTIFICATE OF WORD COUNT</u>

I hereby certify that the foregoing Plaintiff's Memorandum of Law in Support of Plaintiff's Motion for Summary Judgment complies with the word limit outlined in Local Rule 7.3(d). Plaintiff's brief contains 1,653 words.

On this 1st day of May 2026.

By: / s / *Kirton M. Madison*
Kirton M. Madison
North Carolina State Bar No. 43029
MADISON LAW, PLLC
8936 Northpointe Executive Park Drive
Suite 240 – 260
Huntersville, NC 28078
Telephone: (704) 981-2790
kmadison@madlawpllc.com
ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing document with the

Clerk of Court using the CM/ECF System, which will send notification of the filing

to all counsel of record.

On this 1st day of May 2026.

*/s/ Kirton M. Madison*
Kirton M. Madison
North Carolina State Bar No.43029
MADISON LAW, PLLC
8936 Northpointe Executive Park Drive
Suite 240-260
Huntersville, NC 28078
Telephone: (704) 981-2790
kmadison@madlawpllc.com
ATTORNEY FOR PLAINTIFF