IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO: 1:24-CV-336

Abdulrahman Rageh,

    Plaintiff,

v.

University of North Carolina at
Chapel Hill,

    Defendants.

**DEFENDANT'S MEMORANDUM
OF LAW IN SUPPORT OF
MOTION FOR CLARIFICATION
OR, ALTERNATIVELY,
RECONSIDERATION**

Pursuant to Local Rule 7.2, Defendant University of North Carolina at Chapel Hill ("UNC-CH") submits this Memorandum of Law in support of its Motion for Clarification Or, Alternatively, Reconsideration (D.E. 88).[1] Defendants respectfully ask this Court to clarify the scope and theory of Plaintiff's retaliation claims remaining for trial based on the Court's Memorandum Opinion and Order (D.E. 87). Alternatively, should the Court disagree with Defendant's interpretation of the Court's Opinion, Defendant asks this Court to reconsider any conclusion that Plaintiff's retaliation claim may be based on the decision to shorten his fellowship from two years to one year.

---

[1]    UNC-CH is the sole remaining Defendant in this case following this Court's grant of summary judgment to Defendants on Plaintiff's claims against the individual defendants. D.E. 87 at 19.

1

<u>**STATEMENT OF THE NATURE OF THE CASE**</u>

Plaintiff initiated this lawsuit on April 4, 2024. In his Amended Complaint, Plaintiff named both institutional and individual defendants, alleging discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act of 1967, defamation per se, breach of contract, intentional infliction of emotional distress, interference with contractual relations, tortious interference with prospective economic advantage, and wrongful discharge in violation of public policy. *Id.* This Court dismissed the majority of Plaintiff's claims but allowed discovery to proceed on Plaintiff's discrimination and retaliation claims against UNC-CH and three state-law tort claims against Dr. Nick Ulrich and Dr. Alice Zhang. D.E. 23.

Defendants moved for summary judgment on all of Plaintiff's remaining claims. D.E. 68. Plaintiff opposed Defendants' motion. D.E. 76. In support of his retaliation claims, Plaintiff argued, among other things, that he engaged in protected activity when he delivered a letter to Dr. Ulrich on December 19, 2022, containing complaints of alleged discrimination. *Id.* at 9. Plaintiff also contended that he was subjected to certain adverse actions as a result of his protected activity, including the decision to end Plaintiff's fellowship after one

2

year (instead of two years), and the subsequent decision, in January 2023, to end Plaintiff's fellowship immediately. *Id.* at 10-13.

There is no dispute, based on the evidence in the record, that the decision to shorten Plaintiff's fellowship from two years to one year occurred prior to Plaintiff's December 19, 2022, complaint of discrimination. For example, Plaintiff himself testified to his belief that the decision to end his fellowship after one year occurred as early as the first week of September. D.E. 68-3 93:16-94:6, 95:6-96:7. Moreover, both Plaintiff and Defendants pointed to testimony by Dr. Ulrich about discussions to shorten the fellowship that occurred on December 12, 2022. D.E. 68-1 ¶¶ 15-16; D.E. 68-4 99:19-100:1; D.E. 76 at 3. Both Plaintiff and Defendants relied on an email documenting those December 12 discussions. D.E. 68-4 at 68; D.E. 76-2 at 59. And both Plaintiff and Defendants relied on an email from Dr. Ulrich summarizing another December 16, 2022, discussion with Plaintiff—which preceded Plaintiff's claimed protected activity on December 19 —in which Dr. Ulrich informed Plaintiff that his fellowship would end early. D.E. 68-1 at 14; D.E. 76-2 at 60. Finally, in the December 19 letter, Plaintiff specifically cited Dr. Ulrich's previous decision to shorten the fellowship from two years to one year. D.E. 76-1, Ex. 5.

This Court granted judgment to Defendants on Plaintiff's discrimination claims and state law tort claims. D.E. 87 at 9, 11, 16, 17, 18. However, the

3

Court denied Defendants' motion with respect to Plaintiff's retaliation claims against UNC-CH. *Id.* at 11-13.

Specifically, the Court concluded that Plaintiff had presented sufficient direct evidence of retaliation to survive summary judgment. *Id.* at 12. The Court pointed to evidence that Plaintiff told Dr. Ulrich on December 19 that he felt Dr. Zhang was discriminating against him because of his age and his accent. *Id.* at 12. The Court also pointed to evidence in which Dr. Ulrich "arguably linked" the termination of Plaintiff's fellowship with his "failure to maintain a working relationship with his attendings." *Id.* The Court thus concluded that this evidence "create[d] a disputed question of fact as to whether [Plaintiff]'s discrimination complaints were a but-for cause of Dr. Ulrich's decision to end his fellowship early." *Id.*

## STATEMENT OF THE FACTS

Defendant incorporates by reference the Statement of Facts contained in Defendants' Memorandum of Law in Support of Motion for Summary Judgment. D.E. 69 at 3-9.

## QUESTIONS PRESENTED

1. Whether the Court should clarify the adverse action suffered by Plaintiff with respect to his retaliation claims.

2. Alternatively, whether the Court should reconsider any conclusion that Plaintiff's December 19 complaint was a but-for cause of the decision to shorten Plaintiff's fellowship from two years to one year.

4

## ARGUMENT

Defendants seek clarification of this Court's Memorandum Opinion and Order with respect to the Court's conclusions on Plaintiff's remaining retaliation claims. Specifically, Defendants seek the Court's confirmation that they are reading the Court's opinion correctly with respect to the theory of retaliation to be tried in this case.

In its opinion, the Court concluded a reasonable jury could find that Plaintiff's complaint to Dr. Ulrich on December 19, 2022, constituted protected activity. D.E. 87. The Court also concluded that there was a "disputed question of fact as to whether [Plaintiff]'s discrimination complaints were a but-for cause of Dr. Ulrich's decision to end his fellowship early." *Id.* As discussed above, the record contains no factual dispute that Dr. Ulrich decided to reduce Plaintiff's fellowship from two years to one year prior to Plaintiff's December 19, 2022, complaint. *See supra* at 3. Accordingly, Defendants assume that when this Court referred to Dr. Ulrich's decision to end Plaintiff's fellowship early, it intended to refer to the decision in January 2023 to terminate Plaintiff's fellowship immediately, instead of waiting until June 2023, rather than Dr. Ulrich's decision to shorten Plaintiff's fellowship from two years to one year that was made prior to Plaintiff's protected activity on December 19, 2022.

5

Defendants seek clarification that this understanding of the Court's opinion is correct.

However, should this Court clarify that it concluded a genuine dispute of fact exists regarding Dr. Ulrich's reason for shortening Plaintiff's fellowship from two years to one year, Defendants respectfully request that this Court reconsider that conclusion.

"An interlocutory order is subject to reconsideration at any time prior to the entry of a final judgment." *Fayetteville Inv'rs v. Commercial Builders, Inc.*, 936 F.2d 1462, 1469 (4th Cir. 1991). Rule 54(b) gives courts broad flexibility to revise interlocutory orders "as the litigation develops and new facts or arguments come to light." *Carlson v. Boston Sci. Corp.*, 856 F.3d 320, 325 (4th Cir. 2017). Courts ask the following questions when assessing a motion for reconsideration under Rule 54(b): "whether (1) there has been an intervening change in controlling law; (2) there is additional evidence that was not previously available; or (3) the prior decision was based on clear error or would work manifest injustice." *Garey v. James S. Farrin, P.C.*, No. 1:16CV542, 2020 WL 91869, at \*2 (M.D.N.C. Jan. 8, 2020) (cleaned up).

Here, as discussed above, there is no dispute that any decision to shorten Plaintiff's fellowship from two years to one year happened at least by Dr. Ulrich's December 16 conversation with Plaintiff and in any event well before

Plaintiff's December 19 complaint to Dr. Ulrich. Accordingly, any conclusion that this decision was based on Plaintiff's later complaint constitutes clear error based on the undisputed summary judgment evidence and should be reconsidered.

## **CONCLUSION**

For the reasons set forth above, Defendant asks that the Court clarify its Memorandum Opinion and Order with respect to the theory of retaliation to be tried in this case. In the alternative, should this Court clarify that its theory of retaliation is broader than Defendant's interpretation of the Court's order, Defendant asks that the Court reconsider that conclusion based on the undisputed evidence in the record.

Respectfully submitted, this 21st day of July, 2026.

JEFF JACKSON
Attorney General

/s/ Lindsay Vance Smith
Lindsay Vance Smith
Special Deputy Attorney General
NC State Bar No. 48085
lsmith@ncdoj.gov

North Carolina Department of Justice
PO Box 629
Raleigh, NC  27602
Tel: 919-716-6920
Fax: 919-716-6764

7

*Attorney for Defendants*

/s/ Zach Padget
Zach Padget
NC State Bar No. 46610
padget@unc.edu

Office of University Counsel
The University of North Carolina at Chapel Hill
123 W. Franklin St., Suite 600A
Chapel Hill, NC 27599-9105
(919) 962-1219
*Attorney for Defendant the University of North Carolina at Chapel Hill*

8

**CERTIFICATE OF WORD COUNT**

I certify that, in compliance with Local Rule 7.3(d), this brief is no more than 6,250 words according to the word processing software used to prepare this document.

This the 21st day of July, 2026.

/s/ Lindsay Vance Smith
Lindsay Vance Smith
Special Deputy Attorney General

9

# CERTIFICATE OF SERVICE

I hereby certify that the foregoing **DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR CLARIFICATION OR, ALTERNATIVELY, RECONSIDERATION** was served on all parties via the court's CM/ECF System, which will send a Notice of Electronic Filing to all Parties' counsel of record in this action.

This the 21st day of July, 2026.

/s/ Lindsay Vance Smith
Lindsay Vance Smith
Special Deputy Attorney General

10