IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Civil No.: 1:24-CV-336

| | |
|---|---|
| Abdulrahman Rageh,<br><br>Plaintiff,<br><br>v.<br><br>University of North Carolina at Chapel Hill, Jan Niklas Ulrich, Alice Zhang, and Donald Budenz in their official capacities<br><br>Defendants. | **REPLY IN SUPPORT OF DEFENDANT'S MOTION IN LIMINE TO EXCLUDE THE EXPERT REPORT AND TESTIMONY OF JAY M. FINKELMAN** |

Defendant University of North Carolina at Chapel Hill ("UNC-CH") submits this Reply in support of its Motion to Exclude the Export Report and Testimony of Jay M. Finkelman (D.E. 102).

In response to Defendant's motion, Plaintiff clarifies that he will not introduce Dr. Finkelman's report as a trial exhibit, has offered to withdraw certain portions of Dr. Finkelman's opinions, and argues that Dr. Finkelman's testimony would be helpful to the jurors' understanding of basic human resources practices. For the following reasons, and for the reasons stated in Defendant's Memorandum, Dr. Finkelman's report and testimony should be excluded in their entirety.

## I. Plaintiff's Proposed Narrowing of Dr. Finkelman's Testimony Does Not Make It Relevant or Helpful.

While Plaintiff offers to narrow certain portions of Dr. Finkelman's testimony, this does not make Dr. Finkelman's testimony relevant or helpful to the jury. For example, Plaintiff offers to narrow Opinion 2 "to the extent [it] characterize[s] retaliation as the most egregious violation." D.E. 136 at 5. First, it is unclear what remains of Opinion 2 with that conclusion omitted. Second, an expert opinion that retaliation is prohibited is a statement of the law and would not add anything to the jury's understanding of the case.

Plaintiff's proposed withdrawals also do not address Defendant's concerns that Dr. Finkelman's opinions relate only to dismissed claims. This is illustrated by Plaintiff's offer to withdraw Opinion 12 "to the extent it address[es] dismissed claims or purport[s] to identify UNC's motive." D.E. 136 at 5. Because Opinion 12 relates solely to allegations about the references Defendant gave to a potential future employer of Plaintiff it is unclear how any portion of Opinion 12 would be relevant to the narrow issue preserved for trial: whether the decision to immediately end Plaintiff's fellowship in January 2023 was retaliatory.

As stated in Defendant's Memorandum, Dr. Finkelman's report and proposed testimony is full of commentary that is irrelevant to Plaintiff's remaining retaliation claim, and the report and testimony should be excluded.

## II. Plaintiff Makes No Argument that Dr. Finkelman Employed a Reliable Methodology.

In its Memorandum, Defendant explained that Dr. Finkelman's determinations are not based on any identifiable or reliable human resource management theory or other methodology, and that as a result, Dr. Finkelman's report and proposed testimony do not satisfy Rule 702.

Plaintiff does not address Defendant's argument that Dr. Finkelman's report and testimony are inadmissible because they are not based in a reliable methodology. Instead he proposes that Dr. Finkelman testify to any "departure from the normal sequence" and "how generally accepted HR practices guide complaint handling, corrective coaching, documentation, and review of a decision to accelerate an employee's departure." D.E. 136 at 9. But without a legitimate methodology supporting those conclusions, Dr. Finkelman's testimony is not useful to the jury. For all the reasons stated in Defendant's Memorandum, Dr. Finkelman's testimony is not reliable or helpful to the jury. It should be excluded.

## III. Dr. Finkelman Should Not Be Permitted to Opine on Damages.

Plaintiff states that he "will offer no calculation of economic loss through Dr. Finkelman," but then goes on to say that "Dr. Finkelman can also offer important assistance on damages by identifying the employment position Dr. Rageh occupied immediately before UNC accelerated his separation." D.E. 136

at 6, 11. Specifically, Plaintiff asserts that Dr. Finkelman can help jurors "understand the professional value of the employment, training, credential, and transition period that UNC's December plan preserved." *Id.* at 11.

To be clear, while none of Dr. Finkelman's proposed testimony is based on a reliable methodology, his report reveals absolutely no basis for specialized knowledge or purported expertise in the career trajectory of medical doctors in a specific subspeciality. Any testimony by Dr. Finkelman regarding damages should be excluded.

## CONCLUSION

For the foregoing reasons, and the reasons stated in Defendant's Memorandum, Defendant respectfully requests that the Court exclude Dr. Finkelman's testimony and report in its entirety.

Respectfully submitted, this the 8th day of October, 2026.


**JEFF JACKSON**
**Attorney General**

/s/ Allison C. Hawkins
Allison C. Hawkins
Assistant Attorney General
NC State Bar No. 53490
achawkins@ncdoj.gov

/s/ Lindsay Vance Smith
Lindsay Vance Smith
Special Deputy Attorney General
NC State Bar No. 48085

lsmith@ncdoj.gov

North Carolina Department of Justice
PO Box 629
Raleigh, NC 27602
Tel: 919-716-6920
Fax: 919-716-6764

*Attorneys for Defendant*

/s/ Zach Padget
Zach Padget
NC State Bar No. 46610
padget@unc.edu

Office of University Counsel
The University of North Carolina at Chapel Hill
123 W. Franklin St., Suite 600A
Chapel Hill, NC 27599-9105
(919) 962-1219
*Attorneys for Defendant the University of North Carolina at Chapel Hill*

## CERTIFICATE OF WORD COUNT

I certify that, in compliance with Local Rule 7.3(d), this brief is no more than 3,125 words according to the word processing software used to prepare this document.

This the 8th day of October, 2026.

/s/ Allison C. Hawkins
Allison C. Hawkins
Assistant Attorney General

## CERTIFICATE OF SERVICE

I certify that I electronically filed the foregoing **REPLY IN SUPPORT OF DEFENDANT'S MOTION IN LIMINE TO EXCLUDE THE EXPERT REPORT AND TESTIMONY OF JAY M. FINKELMAN** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all registered CM/ECF users.

This the 8th day of October, 2026.

/s/ Allison C. Hawkins
Allison C. Hawkins
Assistant Attorney General